[Cite as *State v. Bell*, 2012-Ohio-3491.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                     :

    Plaintiff-Appellee                     :                 C.A. CASE NO.     24783

v.                                                :                 T.C. NO.     07CR802

DIAHNTAE BELL                                     :                    (Criminal appeal from
                                                   Common Pleas Court)

    Defendant-Appellant                    :

                                           :

. . . . . . . . . .

**O P I N I O N**

Rendered on the   3rd    day of    August   , 2012.

. . . . . . . . . .

KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DIAHNTAE BELL, #565-818, P. O. Box 120, Lebanon, Ohio 45036
        Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**  This matter is before the Court on the pro se Notice of Appeal of

Diahntae

Bell, filed August 23, 2011. Bell appeals from the July 25, 2011 Decision of the trial court which overruled his pro se "Motion for Re-Sentencing of a Void Sentence."

**{¶ 2}** Bell was convicted, following a trial by jury, of one count of murder (proximate result), an unclassified felony, along with a three-year firearm specification; one count of burglary, a felony of the third degree; a second count of burglary, a felony of the fourth degree; and having weapons while under disability, a felony of the third degree. The trial court sentenced Bell to fifteen years to life for murder, with an additional, consecutive, three year term for the firearm specification; one year for burglary; twelve months for burglary; and three years for having weapons while under disability, all to be served consecutively, for an aggregate term of 23 years to life. On direct appeal, this Court affirmed Bell's conviction and sentence. *State v. Bell*, 2d Dist. No. 22448, 2009-Ohio-4783.

**{¶ 3}** Bell filed his motion for resentencing on May 27, 2011. Bell relied upon R.C. 2945.75(A)(2), and *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, asserting that the verdict form for his murder conviction failed to set forth the degree of the offense, and that he accordingly could only have been convicted of voluntary manslaughter.

**{¶ 4}** R.C. 2945.75 provides:

(A) When the presence of one or more additional elements makes an offense one of more serious degree*:*

* * *

(2) A guilty verdict shall state either the degree of the offense which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

In *Pelfrey*, the Supreme Court of Ohio held that "pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *Id.*, ¶ 14.

{¶ 5} The State responded that murder, in violation of R.C. 2903.02(B), of which Bell was convicted, is an unclassified offense, unlike tampering with records (R.C. 2913.42), the convicted offense in *Pelfrey*, which could be a misdemeanor or a felony, depending on additional factors. The State asserted that Bell's reliance on *Pelfrey* was misplaced. In overruling Bell's motion, the trial court adopted the reasoning set forth in the the State's opposing memorandum.

{¶ 6} Bell sets forth two assignments of error, which we will consider together. They are as follows:

"THE STATE COMMITTED PLAIN AND PREJUDICIAL ERROR WHEN IT FAILED TO FOLLOW THE MANDATE OF STATE V. PELFREY IN VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHT TO FUNDAMENTALLY FAIR PROCEEDINGS AND HIS RIGHTS TO BE SENTENCED IN COMPLIANCE WITH ALL STATUTES."

And,

"IF THE COURT FINDS THAT THERE ARE INFERIOR DEGREES OF AGGRAVATED MURDER, MURDER, AND VOLUNTARY MANSLAUGHTER, THEN THE JUDGMENT OF THE APPELLANT IS VOID AND MUST BE REMANDED FOR RESENTENCING ACCORDING TO STATE V. PELFREY."

{¶ 7}    The State responds that Bell's appeal is barred by the doctrine of res judicata, and further that the verdict form for murder complies with R.C. 2945.75(A)(2). We agree.

{¶ 8}    The Ohio Supreme Court, in *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), syllabus at ¶ 9, determined:

> Under the doctrine of res judicata, a final judgment of conviction bars
> a convicted defendant who was represented by counsel from raising and
> litigating in any proceeding except an appeal from that judgment, any defense
> or any claimed lack of due process that was raised or could have been raised
> by the defendant at the trial, which resulted in that judgment of conviction, or
> on an appeal from that judgment.

Since Bell's arguments relating to defects in the verdict form could have been, but were not, argued in his direct appeal, he is precluded from raising them herein. *See State v. Cunningham*, 11th Dist. Lake No. 2010-L-153, 2011-Ohio-5108 ("As the instant appeal emanates from a collateral postconviction motion to vacate, appellant is precluded from raising his challenges to the verdict at this stage.")

{¶ 9}    Finally, we agree with the State that the trial court's decision on the merits of  Bell's motion was correct.  Murder is not an elevated form of voluntary manslaughter,

which R.C. 2903.03 proscribes, and R.C. 2903.02(B) does not set forth any additional elements that could make the offense "one of more serious degree." In other words, *Pelfrey* is inapplicable. Pursuant to R.C. 2929.02(B)(1), Bell was subject to imprisonment for "an indefinite term of fifteen years to life" for murder.

{¶ 10} The judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Kirsten A. Brandt
Diahntae Bell
Hon. Dennis J. Langer