[Cite as *State v. Holmes*, 2014-Ohio-3816.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100388**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DESMON HOLMES

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-07-502442

**BEFORE:** Keough, J., Rocco, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** September 4, 2014

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Joseph J. Ricotta
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Defendant-appellant, Desmon Holmes, appeals the trial court's decision denying his motion to vacate and from the nunc pro tunc sentencing entry issued in May 2012. For the reasons that follow, we reverse and remand for resentencing.

**{¶2}** On July 17, 2008, a jury found Holmes guilty of rape and kidnapping, and the trial court sentenced him to a ten-year term of imprisonment. Holmes directly appealed his conviction challenging the manifest weight of the evidence, and issues pertaining to speedy trial, confrontation of witnesses, and effective assistance of trial counsel. *State v. Holmes*, 8th Dist. Cuyahoga No. 91948, 2009-Ohio-3736 ("*Holmes I*"). This court affirmed his convictions. *Id.*

**{¶3}** Subsequent to his appeal, Holmes filed a petition for postconviction relief pursuant to R.C. 2953.21, arguing that his trial counsel was ineffective. The trial court dismissed his petition on the grounds of res judicata. Holmes appealed and this court affirmed the trial court's decision. *State v. Holmes*, 8th Dist. Cuyahoga No. 96479, 2011-Ohio-5848 ("*Holmes II*").

**{¶4}** In May 2012, the trial court issued a nunc pro tunc sentencing journal entry to reflect that the five-year term of postrelease control ordered at sentencing in 2008 was mandatory. In April 2013, Holmes moved the trial court to vacate or set aside his judgment and sentence, which the trial court summarily denied.

**{¶5}** This court granted Holmes's request for a delayed appeal to challenge the trial court's nunc pro tunc sentencing journal entry and the denial of his motion to vacate

or set aside the judgment and sentence. Holmes raises three assignments of error for our review, which will be addressed out of order.

## I. Finding of Guilt

**{¶6}** In his second assignment of error, Holmes contends that the trial court erred by denying his motion to vacate or set aside judgment and sentence because the jury verdicts and judgment were insufficient to sustain a first-degree felony offense.

**{¶7}** Holmes's challenge to the jury verdict forms are barred by res judicata. He could have and should have raised such errors in his direct appeal. Appellate courts, including this court, that have addressed this issue have found that, where the appellant filed and argued a direct appeal but did not raise any arguments related to the inadequacy of the jury verdict form, res judicata applies to subsequent appeals. *See, e.g., State v. Cardamone*, 8th Dist. Cuyahoga No. 94405, 2011-Ohio-818, ¶ 19; *State v. Garner*, 11th Dist. Lake No. 2010-L-111, 2011-Ohio-3426; *State v. Evans*, 9th Dist. Wayne No. 10CA0027, 2011-Ohio-1449; *State v. Foy*, 5th Dist. Stark No. 2009-CA-00239, 2010-Ohio-2445.

**{¶8}** Accordingly, Holmes's second assignment of error is overruled.

## II. Void Entry of Conviction

**{¶9}** In his first assignment of error, Holmes contends that the trial court erred by denying his motion to set aside his conviction and sentence because the sentencing

journal entries were void and violated his constitutional rights to due process and protection against double jeopardy. Specifically, he challenges (1) the trial court's imposition of a sentence on a count that the court found to be allied and subject to merger; (2) the state's failure to elect which count survived merger; and (3) the trial court's assessment of court costs in the sentencing journal entry when he was not advised at sentencing that costs would be imposed. We find the first issue dispositive.

{¶10} The trial court at sentencing and upon recommendation by the state, found that both Count 1, rape and Count 2, kidnapping were allied offenses and subject to merger. In its announcement of the sentence, the trial court stated on the record: "[t]he court does find the two offenses merge for the purposes of sentencing. And it is ordered the defendant serve a stated term of ten years in prison on the merged counts." The court's sentencing journal entry ordered: "10 years on each of Counts 1 and 2, Counts 1 and 2 merge for sentencing."

{¶11} Holmes contends that the imposition of a sentence on a count that was allied and the state's subsequent failure to elect which count survives merger renders his sentence void. While the state concedes that it did not elect which count Holmes should receive his sentence, the state claims that Holmes's challenge regarding allied offenses is barred by res judicata because he could have raised this issue in his direct appeal.

{¶12} "A judgment will be deemed void when it is issued by a court which did not have subject matter jurisdiction or otherwise lacked the authority to act." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 6. On the other hand,

"a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12.

{¶13} If a judgment is void, the doctrine of res judicata has no application, and the propriety of the decision can be challenged on direct appeal or by collateral attack. *Fischer* at paragraph one of the syllabus (a void sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or collateral attack"); *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 10 ("if a trial court imposes a sentence that is unauthorized by law, the sentence is void"). If a sentencing judgment is voidable, the doctrine of res judicata applies and any argument regarding the merits of the decision is considered waived for all purposes unless it is asserted as part of the direct appeal. *State ex rel. Porterfield v. McKay*, 11th Dist. Trumbull No. 1012-T-0012, 2012-Ohio-5027, ¶ 13.

{¶14} Therefore, the issue before this court is whether Holmes's sentence is void because the trial court imposed a prison sentence on both counts that were determined to be allied. We find that it is.

{¶15} Generally, sentencing errors do not render a judgment void because such errors have no effect upon the trial court's jurisdiction. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 7. One exception to this general rule is that a sentencing judgment will be considered void when the imposed sentence does not lie within the statutorily mandated terms. *Id*. at ¶ 8.

**{¶16}** The First Appellate District recently explained and summarized the Ohio Supreme Court's holdings as it applies to void sentences.

> The commonality of the voidness cases is that they all involve situations where the court has failed to impose a sentence term that it was mandated by law to impose (postrelease control, driver's license suspension, statutorily mandated fine), or where a court has attempted to impose a sentence that was completely unauthorized by statute. They involve instances where a trial court has refused or neglected to do what the General Assembly has commanded with respect to a mandatory criminal sentencing term, *see Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 15 and fn. 1, rather than where the trial court got the law wrong. Either something that was required was left out of the sentences, or the trial court simply decided to create its own sentence despite statutory dictates to the contrary.

*State. v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 15. *See Fischer*; *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509; *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432.

**{¶17}** In applying the "void v. voidable" concept to allied offenses and merger, courts of this state, including this court, have consistently held that sentences that involve alleged errors in the merger of allied offenses are voidable and not void; thus, res judicata will prevent any collateral attack challenging the imposition of allied offenses. *See, e.g., State v. Hough*, 8th Dist. Cuyahoga Nos. 98480 and 98482, 2013-Ohio-1543, *State v. Segines*, 8th Dist. Cuyahoga No. 99789, 2013-Ohio-5259 (res judicata bars postconviction appeals collaterally attacking the trial court's failure to merge allied offenses at sentencing when the issue was not raised on direct appeal); *Grant*.

**{¶18}** However, those line of cases involved the issue of whether certain offenses were allied — the determination stage of the allied analysis. Whereas in this case before

this court, the trial court found the offenses allied, yet imposed a sentence on both counts prior to ordering that the counts "merge."

**{¶19}** R.C. 2941.25, codifies the protections of the Double Jeopardy Clause, and it "clearly provides that there may be only one conviction for allied offenses of similar import; a defendant may be sentenced for only one offense." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 26. "Thus, a trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import. This duty is mandatory, not discretionary." *Id*. "A sentence that contains an allied-offenses error is contrary to law." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 14. In *Underwood*, the Ohio Supreme Court found that because a sentence is authorized by law only if it comports with all mandatory sentencing provisions, the directive in R.C. 2941.25 contains such mandatory provision. *Underwood* at ¶ 23-30.

**{¶20}** In this case, on the face of the sentencing journal entry, the sentence imposed on these allied offenses is contrary to R.C. 2941.25(A), not authorized by law, and thus void. The trial court when sentencing Holmes determined that the two offenses were allied. However, instead of merging both counts and imposing a sentence on one, the court imposed a sentence on both counts. Once a trial court determines that two offenses are allied and are subject to merger, the trial court acts without authority when it imposes a sentence on both offenses. Thus, acting without authority renders the sentence

void. Although the court stated "counts 1 and 2 merge," the sentencing journal entry does not reflect which count Holmes is serving his ten-year sentence on.

**{¶21}** In so far as the trial court in this case stated that the ten-year sentence on each count "merged," this action is equivalent to a court ordering sentences to run concurrent when the offenses are allied. The trial court's failure to properly merge the offenses as required means that Holmes has two "convictions" which are more than authorized by law. *Underwood* at ¶ 26, citing *State v. Gibson*, 8th Dist. Cuyahoga No. 92275, 2009-Ohio-4984, ¶ 29 ("Even when the sentences are to be served concurrently, a defendant is prejudiced by having more convictions than are authorized by law.")

**{¶22}** Accordingly, because Holmes's sentence is contrary to R.C. 2941.25 and not authorized by law, we find his sentence is void. This limited conclusion falls in the narrow exception of instances where a sentencing error does not lie within the statutory mandated terms. This error is apparent from the face of the sentencing journal entry.

**{¶23}** Even if the voidness doctrine does not apply in this instance, we find that res judicata should not bar consideration of this issue. As the Ohio Supreme Court explained,

> Res judicata is a rule of fundamental and substantial justice, that "'is to be applied in particular situations as fairness and justice require, and that * * * is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.'" We would achieve neither fairness nor justice by permitting a void sentence to stand.

> Although res judicata is an important doctrine, it is not so vital that it can override "society's interest in enforcing the law, and in meting out the punishment the legislature has deemed just."

> Every judge has a duty to impose lawful sentences. "Confidence in and respect for the criminal-justice system flow from a belief that courts and officers of the courts perform their duties pursuant to established law." The interests that underlie res judicata, although critically important, do not override our duty to sentence defendants as required by the law.

(Citations omitted.) *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 25-27. Correcting this error in Holmes's sentence is both fair and just and res judicata should not be used to permit a void sentence to stand.

{¶24} Our review of the case law reveals that this issue is fact specific and likely will not present itself again. Our decision is not to be read broadly encapsulating all collateral attacks on allied offenses. Nor does our holding create any conflict in our district concerning this court's treatment and disposition of postconviction attacks on allied offenses. It remains that res judicata will continue to bar any collateral attack challenging a determination of whether a defendant's sentence contains allied offenses. *See, e.g., Hough*, 8th Dist. Cuyahoga Nos. 98480 and 98482, 2013-Ohio-1543, *Segines*, 8th Dist. Cuyahoga No. 99789, 2013-Ohio-5259

{¶25} Accordingly, we reverse Holmes's sentence and remand to the trial court to conduct a new sentencing hearing to allow the state to make an election on which count survives merger. The trial court must then impose sentence only on that count, advise Holmes regarding the assessment of costs, unless waived, and also properly advise Holmes of postrelease control.

{¶26} Having sustained the first issue raised by Holmes in his first assignment error and ordering a new sentencing hearing, we find the second issue presented in this

assignment of error regarding the imposition of court costs and the third assignment of error challenging postrelease control, moot.

**{¶27}** Reversed and remanded for further proceedings consistent with this court's opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

KENNETH A. ROCCO, P.J., and
MARY EILEEN KILBANE, J., CONCUR