[Cite as *Rocky River v. Bakos*, 2015-Ohio-4366.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101866**

## CITY OF ROCKY RIVER

PLAINTIFF-APPELLEE

vs.

## JOLYNN BAKOS

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED, VACATED, AND REMANDED

Criminal Appeal from the
Rocky River Municipal Court
Case No. 13 CRB 2413

**BEFORE:** Jones, P.J., E.A. Gallagher, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** October 22, 2015

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

Erika B. Cunliffe
Assistant County Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Andrew D. Bemer
City Law Director

Michael J. O'Shea
Assistant City Law Director
19300 Detroit Road
Suite 202
Rocky River, Ohio 44116

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, Jolynn Bakos, appeals from her conviction, rendered after a jury trial, on two counts of violating a domestic violence protection order.

{¶2} We reverse and remand with orders to vacate the conviction.

## I. Procedural History

{¶3} On July 25, 2013, Samuel Funk filed a petition for a domestic violence protection order against Bakos in the Lorain County Common Pleas Court. The record demonstrates that at the time Funk filed the petition, he was the legal guardian of Bakos's three minor children; Bakos and Funk had previously been neighbors. Funk sought the order for himself, his wife, their two children, and Bakos's three children who resided with the Funks. Funk alleged in his petition that Bakos had "broken [a] no contact order set forth by the courts, slandered [him] via various media, harrass[ed] [him], and attempt[ed] to have [him] fired from [his] place of employment." The trial court granted Funk's petition, ex parte, that same day. The order protected only Funk and his wife, and prohibited, in part, Bakos from following, stalking, or harassing Funk and his wife, and from being within 500 feet of them.

{¶4} On August 8, 2013, a full hearing was had on the order in the Lorain County Common Pleas Court. A certified copy of the docket from the case and certified copies of the orders were made part of this record. The certified exhibits indicate that Bakos was present at the full hearing. At the conclusion of the hearing, the court made the

following findings:

> [Bakos] lost custody of her three minor children. [Funk], through [Lorain County Children Services], became legal custodian of [Bakos's] children. Since then, [Bakos] has harassed and threatened [Funk] and his protected party wife. [Bakos] has a history of violence. [Funk and his wife] have a reasonable fear of petitioner.

{¶5} The court continued the order against Bakos for five years (until July 25, 2018), with the same prohibitions as the ex parte order, and also included that Bakos "shall not use or possess alcohol or illegal drugs." The order only protected Funk and his wife.

{¶6} On November 17, 2013, Bakos was arrested at the Force Fitness Center ("Force") in Rocky River for disorderly conduct due to intoxication. Bakos had been at the Force at the same time Funk was there with one of Bakos's daughters. On November 25, 2013, the city filed a complaint against Bakos, charging two counts of violating the protection order (one count for being within 500 feet of Funk and the other count for using or possessing alcohol). The Rocky River case is the subject of this appeal.

{¶7} Prior to trial, Bakos filed a motion seeking dismissal of the complaint on the ground that the protection order was not valid because it protected Funk and his wife, who were not "household members" in relation to Bakos. The court heard arguments on the motion before denying it. The case proceeded to a jury trial, at the conclusion of which the jury found Bakos guilty on both counts. The trial court sentenced Bakos to 60 days in jail with eligibility for release into a residential treatment program.

## II. Law and Analysis

{¶8} Bakos presents the following two assignments of error for our review:

> [I.] Jolynn Bakos' prosecution for violating an order of protection that was

invalid on its face violated her state and federal rights to due process.

[II.] Jolynn Bakos' conviction for violating an order of protection is invalid and offends due process where the city of Rocky River failed to demonstrate that she received lawful service of the underlying order.

{¶9} In her first assignment of error, Bakos contends that she could not be prosecuted for violating the domestic violence civil protection order because the order was invalid in the first instance.    Specifically, she contends that none of her alleged behavior toward Funk and his wife constituted "domestic violence" and her relationship with the Funks was never a "domestic" relationship.    Thus, Bakos contends that the August 2013 order issued by the Lorain County Court of Common Pleas was void, and subject to collateral attack in this case.    The city, on the other hand, contends that Bakos's attack is untimely and cannot be made collaterally.

**R.C. 3113.31**

{¶10} The August 2013 order at issue here was entered under R.C. 3113.31.    R.C. Title 31 governs domestic relations, and R.C. 3113.31 sets forth, among other things, definitions and the procedure for obtaining a domestic violence protection order.    The statute defines domestic violence as:

> the occurrence of one or more of the following acts against a family or household member:
>
>> (a) Attempting to cause or recklessly causing bodily injury;
>>
>> (b) Placing another person by threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code;
>>
>> (c) Committing any act with respect to a child that would result

in the child being an abused child, as defined in section 2151.031 of the Revised Code;

(d) Committing a sexually oriented offense.

R.C. 3113.31(A)(1).

{¶11} Family or household member is defined under the statute as:

(a) Any of the following *who is residing with or has resided with the respondent*:

(i) A spouse, a person living as a spouse, or a former spouse of the respondent;

(ii) A parent, a foster parent, or a child of the respondent, or another person related by consanguinity or affinity to the respondent;

(iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the respondent, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the respondent.

(b) The natural parent of any child of whom the respondent is the other natural parent or is the putative other natural parent.

(Emphasis added.)    R.C. 3113.31(A)(3).

{¶12} The city contends that the provision under subsection (ii), providing that a family or household member is "another person related by consanguinity or affinity to the respondent," applied and allowed Funk to obtain a domestic violence protection order against Bakos.   Specifically, the city maintains that Funk, as legal guardian of Bakos's children, was related by affinity to Bakos.   But the city's contention ignores the beginning part of the statute, which requires that the petitioner be a person "who is residing with or has resided with the respondent."   The record here does not demonstrate

that Funk and Bakos were residing together at the time Funk sought the petition, or that they had ever resided together. Rather, the record shows that they had been neighbors.

{¶13} Subject matter jurisdiction is the power conferred on a court to decide a particular matter on its merits and render an enforceable judgment over the action. *Morris v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus. This court has jurisdiction to determine_whether the trial court had jurisdiction, which bestows on this court the inherent authority to render void any order issued by the trial court without proper jurisdiction. *State v. Lomax*, 96 Ohio St.3d 318, 2002-Ohio-4453, 774 N.E.2d 249, ¶ 17 (subject-matter jurisdiction cannot be waived).

{¶14} The record here demonstrates that the Lorain County court did not have subject matter jurisdiction to issue the order against Bakos under R.C. 3113.31 because, on its face, R.C. 3113.31 did not apply to Bakos and Funk's relationship.

{¶15} In light of the above, we must now consider the prosecution in this case for a violation of an order that was improperly granted. Bakos contends that the Lorain County court's judgment was void and that what followed, the proceeding at issue here, was a nullity. Bakos further contends that if a judgment is void, the doctrines of waiver or res judicata do not apply and the propriety of the decision can be challenged at any time. The city, however, contends that waiver and res judicata do apply, and because Bakos did not appeal the Lorain County's order or seek to have it modified, those doctrines should apply to bar her appeal. Bakos's contentions are correct.

{¶16} If a court did not have subject-matter jurisdiction over an action, its judgment

is void ab initio and a nullity. *Francis David Corp. v. Scrapbook Memories & More*, 8th Dist. Cuyhaoga No. 93376, 2010-Ohio-82, ¶ 4. Further, res judicata and waiver do not apply to void judgments; rather, orders which are erroneous because of a lack of jurisdiction are void and subject to collateral attack. *GMAC Mtge. v. Lee*, 10th Dist. Franklin No. 11AP-796, 2012-Ohio-1157, ¶ 13. Because the Lorain County order was void and a nullity, the prosecution in this case for violating the order was a nullity. *Summit Cty. Bd. of Health v. Pearson*, 9th Dist. Summit No. 22194, 2005-Ohio-2964, ¶ 9.

{¶17} We find *Westlake v. Patrick*, 8th Dist. Cuyahoga No. 88198, 2007-Ohio-1307, cited by the city, distinguishable from this case. In *Patrick*, the defendant was convicted of violating a protection order issued under R.C. 2903.214. The order was facially valid at the time the defendant was alleged to have violated it, but the order was later determined to be invalid. This court held that because the trial court had jurisdiction to issue the order, it was not void on its face, and the defendant was therefore required to comply with the order and could be charged for violating it.

{¶18} In this case, the order against Bakos was never valid because the court lacked jurisdiction to issue it based on the nature of her relationship with Funk. As such, the prosecution based on a violation of that order was a nullity. Therefore, the first assignment of error is sustained.

{¶19} Based on our resolution of the first assignment of error, the second assignment of error is moot and we decline to consider it. App.R. 12(A)(1)(C).

{¶20} Judgment reversed; case remanded to the trial court with orders to vacate the

conviction.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR