[Cite as *State v. Taylor*, 2016-Ohio-5541.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 26896 |
| | : | |
| v. | : | Trial Court Case No. 2006-CR-3172/2 |
| | : | |
| SHAWN D. TAYLOR | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of August, 2016.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

SHAWN D. TAYLOR, Inmate No. 566-960, London Correctional Institution, P.O. Box 69, London, Ohio 43140
        Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} In this case, Defendant-Appellant, Shawn Taylor, appeals pro se from a decision of the trial court overruling his post-conviction motion for relief.   In support of his appeal, Taylor contends that the trial court erred in concluding that the jury made the required finding regarding the jury verdict, i.e., that the death of the victim of the murder with which Taylor was charged was proximately caused by Taylor's commission of a felony of violence.   According to Taylor, the jury verdict form improperly failed to contain a space for the jury to make such a finding.   Taylor further contends that the trial court lacked jurisdiction to accept an incomplete jury form.

{¶ 2} We conclude that Taylor's arguments are without merit and are also barred by res judicata.   Accordingly, the judgment of the trial court will be affirmed.

I.   Facts and Course of Proceedings

{¶ 3} In December 2007, Taylor was found guilty by a jury on the following charges: two counts of kidnapping; one count of robbery; one count of murder; and one count of involuntary manslaughter.   We affirmed Taylor's conviction on appeal on all grounds, other than our conclusion that the convictions for robbery and kidnapping to facilitate the robbery should have been merged for sentencing.   *See State v. Taylor*, 2d Dist. Montgomery No. 22564, 2009-Ohio-806, ¶ 2.

{¶ 4} Our opinion noted the following factual background for the alleged crimes and the convictions:

On July 9, 2006, Myreon Mazur, a.k.a. "Chico," was badly beaten, stripped of his clothes, and robbed by a group of men outside a home at

454 Quitman in Dayton. By all accounts, the attack was motivated by a territorial dispute among drug dealers. Mazur stumbled away after the beating, but he was found a short time later by a Dayton police officer outside a nearby church. Although Mazur had no visible wounds, he was lying in the grass, moaning, and he stated that he was dying. He died a short time later at Miami Valley Hospital.

Several men, including Taylor, were charged in connection with Mazur's attack. Taylor was indicted on two counts of kidnapping, one count of robbery, three counts of felony murder (robbery, kidnapping, and felonious assault), and tampering with evidence. He was tried by a jury on November 26-30, 2007. The jury found Taylor guilty of robbery, two counts of kidnapping, and felony murder (kidnapping). The jury found Taylor not guilty of felony murder (felonious assault), but guilty on the lesser included offense of involuntary manslaughter (assault). The jury found Taylor not guilty of felony murder (robbery) and tampering with evidence.

*Taylor* at ¶ 3-4.

{¶ 5} On appeal, Taylor raised five assignments of error, including a supplemental assignment of error. These assignments of error included: a constitutional challenge based on the state's failure to include a mens rea element into the robbery charge; arguments that the felony murder (kidnapping) conviction and robbery convictions were based on insufficient evidence and were against the manifest weight of the evidence; and an argument that the trial court committed plain error by failing to merge Taylor's convictions for robbery and kidnapping to facilitate a robbery. *Taylor*, 2d Dist.

Montgomery No. 22564, 2009-Ohio-806, at ¶ 8, 23-24, 35, and 40. As was noted, we rejected all the assignments of error, other than the assignment of error related to merger. As a result, we merged Taylor's conviction for kidnapping to facilitate a robbery with the robbery conviction, vacated one concurrent kidnapping sentence, and affirmed the trial court's judgment in all other respects. *Id.* at ¶ 44.

{¶ 6} Taylor appealed from our judgment to the Supreme Court of Ohio, but on June 17, 2009, the Supreme Court of Ohio rejected his appeal for review. *See State v. Taylor*, 122 Ohio St.3d 1413, 2009-Ohio-2751, 907 N.E.2d 1195. There is no indication that Taylor filed a further appeal to the United States Supreme Court. As a result, his conviction was final at that time. Taylor did file a petition for writ of habeas corpus with the federal court, but his petition was dismissed with prejudice in 2010. *See Taylor v. Brunsman*, S.D.Ohio No. C-3:10-CV-044, 2010 WL 2465372, *1 (June 10, 2010).

{¶ 7} The record does not indicate that Taylor filed any post-conviction motions in the trial court, other than a motion for an interstate corrections compact transfer that was filed in April 2010 and denied in January 2011, and the current motion for relief, which was filed on September 9, 2015, and denied on October 7, 2015.

{¶ 8} Taylor's September 2015 motion asserted that the trial court lacked jurisdiction to accept the jury's guilty verdict on Count 5 (Murder), because the verdict form did not contain an essential element of the charge of murder, i.e., that the defendant acted "purposely." The trial court rejected this argument, concluding that under R.C. 2903.02(B), the jury was not required to find that Taylor acted purposely; instead, the jury had to decide that the victim's death was the proximate result of Taylor's commission of an offense of violence, i.e., kidnapping. The court further concluded that the jury did, in

fact, find Taylor guilty of this offense, and clearly signed the verdict. Taylor now appeals from the judgment of the trial court.

## II. Issues Relating to the Jury Verdict

{¶ 9} Taylor raises two assignment of error, and has combined his discussion of both assignments of error. We will combine our discussion as well. Taylor's First Assignment of Error states that:

> The Trial Court Abused Its Discretion by Overruling the Defendant-Appellant's Motion Under the False Pretense That the Jury, in Addition to Finding Appellant Guilty of Murder, Also Made the Required Finding that the Murder Was the "Proximate Cause of the Kidnapping," Even Though the Record Show[s] the Verdict Form Did Not Contain a Space for the Jury to Make such a Finding.

{¶ 10} Taylor's Second Assignment of Error states that:

> The Trial Court Erred to the Substantial Prejudice of the Defendant-Appellant in Not Granting His Motion Where [the] Motion Sufficiently Demonstrated That the Trial Court Had No Authority, i.e., Jurisdiction to Have Accepted the Guilty Verdict on the Count 5 Murder That Was Returned by the Jury on an Uncompleted Verdict Form.

{¶ 11} Under these assignments of error, Taylor contends that the trial court relied on a false premise because the verdict form failed to include a place for the jury to indicate whether the murder was or was not the proximate cause of the kidnapping. In addition, Taylor argues that the jury was required to find that he purposely caused the death of

another human being.

{¶ 12} In the trial court, Taylor contended that the jury verdict was incomplete because it failed to include a "mens rea" element, i.e., a finding that he had acted purposely. As was noted, the trial court rejected this argument, because R.C. 2903.02(B) does not include a requirement that a defendant has acted purposely.

{¶ 13} The jury verdict was labeled "Verdict – Count 5 Murder (Proximate Result of Kidnapping)," and stated that "We, the jury, upon the issues joined in this case, do find the Defendant, Shawn D. Taylor, Guilty of Murder as charged in the Indictment." The Verdict was signed by 12 jurors.

{¶ 14} R.C. 2903.02(B) provides that:

No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code.

{¶ 15} In view of the plain language of the statute, the trial court correctly rejected Taylor's motion, because R.C. 2903.02(B) does not require that a defendant has acted purposely; it only requires that a defendant cause another's death as a proximate result of the defendant having committed or having attempted to commit a violent offense that is a felony of the first or second degree. Kidnapping is a predicate offense of violence for purposes of R.C. 2903.02(B). *See, e.g., State v. Kaseda*, 11th Dist. Lake No. 2002-L-002, 2004-Ohio-1074, ¶ 34.

{¶ 16} Consistent with the point that a showing of purpose is not required, the Supreme Court of Ohio has stressed in connection with R.C. 2903.02(B), that "[t]he

felony-murder statute imposes what is in essence strict liability. Though intent to commit the predicate felony is required, intent to kill is not." *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016, ¶ 9. In this regard, the Supreme Court of Ohio relied on its own prior cases, which had held that R.C. 2903.02(B) does not contain a mens rea requirement. *Id.*, citing *State v. Miller*, 96 Ohio St.3d 384, 2002-Ohio-4931, 775 N.E.2d 498, ¶ 31-33, and *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, 926 N.E.2d 1239, ¶ 43.

{¶ 17} In addition, the court relied on a case from New York's highest court, which had stated that " '[t]he basic tenet of felony murder liability is that the mens rea of the underlying felony is imputed to the participant responsible for the killing. By operation of that legal fiction, the transferred intent allows the law to characterize a homicide, though unintended and not in the common design of the felons, as an intentional killing.' " *Nolan* at ¶ 9, quoting *People v. Hernandez*, 82 N.Y.2d 309, 317, 604 N.Y.S.2d 524, 624 N.E.2d 661 (1993). Accordingly, the trial court correctly concluded that the jury did not need to find that the murder was purposeful.

{¶ 18} On appeal, Taylor also contends that the verdict form was defective because it did not contain a specific finding that the murder was or was not the proximate result of kidnapping. In responding, the State argues that Taylor never objected to the jury form at trial, and that the alleged error was not plain error. The State further argues that Taylor failed to cite any case law (and the State also found no case law) requiring juries to make a separate finding of guilt as to the predicate felony in a felony murder verdict.

{¶ 19} We agree with the State. As the State notes, the Supreme Court of Ohio

has held that "[s]pecial verdicts by juries are required only where specifically mandated by statute." *State v. Cook*, 65 Ohio St.3d 516, 525, 605 N.E.2d 70 (1992), citing *State v. Jenkins*, 15 Ohio St.3d 164, 473 N.E.2d 264 (1984). *Accord State v. Dunlap*, 73 Ohio St.3d 308, 318, 652 N.E.2d 988 (1995). For example, the Supreme Court of Ohio has held that where the degree of an offense becomes more serious based on the presence of additional elements, R.C. 2945.75 requires that verdict forms signed by juries " 'must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense.' " *State v. McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374, ¶ 13, quoting *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, ¶ 14.

{¶ 20} Unlike the charges in *McDonald* and *Pelfrey*, Taylor's murder charge did not contain any additional elements that caused it to become more serious. S*ee State v. Bell*, 2d Dist. Montgomery No. 24783, 2012-Ohio-3491, ¶ 9 (noting that murder is not an elevated form of voluntary manslaughter, and that R.C. 2903.02(B) "does not set forth any additional elements that could make the offense 'one of more serious degree.' In other words, *Pelfrey* is inapplicable.")

{¶ 21} In the trial court, Taylor also contended that res judicata would not apply, because the defect in the verdict form rendered the judgment void. We disagree. In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Supreme Court of Ohio stated that, in certain situations, a sentence may be void and res judicata would not apply to preclude relief. *Id.* at ¶ 30. However, the court limited this holding to "a discrete vein of cases: those in which a court does not properly impose a statutorily

mandated period of postrelease control." *Id.* at ¶ 31.

{¶ 22} In *Fisher*, the court further held that "[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id.* at paragraph three of the syllabus. *See also State v. Perkins*, 2d Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶ 57 (noting that *Fisher* "limited the application of the voidness doctrine.")

{¶ 23} In *Bell*, we held that a defendant's argument about a defective verdict form for his murder conviction was barred by res judicata because the matter could have been raised on direct appeal. *Bell*, 2d Dist. Montgomery No. 24783, 2012-Ohio-3491, at ¶ 7-8. Likewise, in the case before us, Taylor's arguments about the verdict form are based on matters contained in the trial court record at the time of his direct appeal, and could have been raised at that time.

{¶ 24} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Consequently, "the doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v.*

*Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

{¶ 25} Based on the preceding discussion, we conclude that both assignments of error are without merit and are also barred by res judicata. Accordingly, the First and Second Assignments of Error are overruled.

III. Conclusion

{¶ 26} Both of Taylor's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, P.J. and FAIN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Michele D. Phipps
Shawn D. Taylor
Hon. Dennis J. Adkins