[Cite as *State v. Lawrence*, 2016-Ohio-7626.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 27014 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2001-CR-459 |
| v. | : | |
| | : | (Criminal Appeal from |
| PHILLIP H. LAWRENCE | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 4th day of November, 2016.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

PHILLIP LAWRENCE, #414-996, Post Office Box 69, London, Ohio 43140
    Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Philip H. Lawrence appeals from an order overruling his post-conviction motion to set aside his conviction based on incomplete verdict forms.

Lawrence contends that the trial court lacked jurisdiction to enter judgment against him without a jury determination of the requisite findings that Lawrence acted "purposely" for the charge of Murder under R.C. 2903.02(A), and without a specific jury finding on the elements of Felonious Assault, which was the underlying offense for the charge of Murder under R.C. 2903.02(B). Lawrence contends that the trial court erred by overruling his motion on the basis of res judicata. We conclude that the trial court had jurisdiction to enter judgment based on the jury verdicts, and that the doctrine of res judicata applies. Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of the Proceedings

{¶ 2} In 2002, Lawrence was found guilty by a jury on two counts of Murder, both with firearm specifications. The trial court merged the Murder convictions into one, merged the firearm specifications into one firearm specification, and sentenced Lawrence to an aggregate prison term of 18 years to life. We affirmed, concluding that Lawrence was not denied the effective assistance of counsel, that the convictions were not against the manifest weight of the evidence, and that Lawrence was not prejudiced by prosecutorial misconduct. *State v. Lawrence*, 2d Dist. Montgomery No. 19059, 2002-Ohio-5533. In that appeal, Lawrence did not raise the alleged defects in the verdict forms that he now raises in the appeal before us.

{¶ 3} In 2011, we dismissed an appeal, based on lack of jurisdiction, from the trial court's overruling of Lawrence's motion for a revised sentence to comply with Crim. R. 32(C). *State v. Lawrence*, 2d Dist. Montgomery No. 24389 (Feb. 23, 2011). Also in 2011, Lawrence moved for leave to file a delayed motion for a new trial, which was overruled

by the trial court. We reversed, and remanded the cause, directing the trial court to consider Lawrence's motion on the merits. *State v. Lawrence*, 2d Dist. Montgomery No. 24725, 2012-Ohio-837. Lawrence's motion was again overruled, after the trial court conducted a hearing. We affirmed. *State v. Lawrence*, 2d Dist. Montgomery No. 25623, 2014-Ohio-417. On the same grounds, seeking a declaration that he should have been granted a new trial, Lawrence unsuccessfully pursued a petition for habeas corpus relief in federal court. *Lawrence v. Warden, London Correctional Institution*, S.D. Ohio No. 3:14-cv-459, 2014 WL 7338774 (Dec. 22, 2014).

**{¶ 4}** In the case before us, Lawrence moved to set aside his conviction, arguing that the trial court lacked subject-matter jurisdiction to enter a judgment of conviction because of errors in the verdict forms. Lawrence appeals from the overruling of his motion, on res judicata grounds.

## II. The Trial Court Correctly Applied the Doctrine of Res Judicata

**{¶ 5}** For his sole assignment of error, Lawrence asserts:

THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S MOTION ON GROUNDS THAT ANY ISSUE THAT INVOLVES A VERDICT FORM IS BARRED BY RES JUDICATA

**{¶ 6}** Lawrence argues that the trial court should not have dismissed his post-conviction motion on the basis of res judicata. Lawrence claims that because of the defective verdict forms, the trial court lacked jurisdiction to enter judgment against him. We agree that res judicata does not bar review of claims based on lack of subject-matter jurisdiction. "Jurisdiction means the courts' statutory or constitutional power to adjudicate

the case." *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E 2d 992, ¶ 11. (Internal citations omitted.) "It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable." *Id.* at ¶ 12. "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Id.* at ¶ 11. In the case before us, we conclude that the trial court did have jurisdiction to enter judgment against Lawrence.

{¶ 7} We have recently addressed alleged errors on similar verdict forms, concluding that the verdict forms were not defective. *State v. Taylor*, 2d Dist. Montgomery No. 26896, 2016-Ohio-5541. As in the case before us, the defendant in *Taylor* argued that the trial court did not have jurisdiction to convict him of murder when the jury verdict forms did not require the jury to make an affirmative finding that *Taylor* acted with "purpose" to commit murder, and did not require the jury to make an affirmative finding that Taylor had committed the offense of kidnapping as the underlying offense for the felony murder conviction. We held that the trial court correctly concluded that the jury did not need to find separately that the murder was purposeful. *Id.* at ¶ 17. We further held that juries are not required to make a separate finding of guilt as to the predicate felony in a felony murder verdict. *Id.* at ¶ 18, 19.

{¶ 8} In *Taylor*, we also held that the claim based upon the alleged error in the verdict form was barred by the doctrine of res judicata, and was only reviewable in a direct appeal. *Taylor* at ¶ 21. In reaching this conclusion, we focused on Ohio Supreme Court precedent, which limits post-conviction reviews to void judgments with sentencing errors that are contrary to law, such as the failure to impose a mandatory term for post-release

control. *Id.,* citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 30. "Generally, sentencing errors do not render a judgment void because such errors have no effect upon the trial court's jurisdiction." *State v. Holmes*, 8th Dist. Cuyahoga No. 100388, 2014-Ohio-3816, ¶ 15.

{¶ 9} In *Taylor*, we did not address whether a challenge to a non-sentencing issue – a defective verdict form, for example – can create a void or voidable judgment or constitute a jurisdictional defect. A void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. *See State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous. *See id.*

{¶ 10} In support of his argument, Lawrence cites a federal district court case that was affirmed in *U.S. v. Amaya*, 731 F.3d 761 (8th Cir. 2013), setting aside a conviction and ordering a new trial based on an error in the verdict form. In *Amaya*, the verdict form had no place for the jury to write in, circle, or check a box to affirmatively indicate whether its verdict was guilty or not guilty, and an attempt was made to correct this defect by polling the jury rather than providing a corrected form and returning the jury to deliberate until a verdict was reached using the correct form. Both the district court and the circuit court held that the verdict form defect was plain error, but did not conclude that it was a jurisdictional defect that rendered the judgment void. *Amaya* at 765.

{¶ 11} When noticed in a direct appeal, plain error may be grounds for a voidable judgment, resulting in reversal of a conviction, but plain error does not result in the judgment being void when the error does not involve the trial court's lack of jurisdiction or

authority to act. *See State v. Johnston,* 2d Dist. Montgomery No. 25652, 2013-Ohio-4401, ¶ 15. Unless otherwise provided by the statute governing petitions for post-conviction relief, R.C. 2953.21, errors that are grounds for a voidable judgment are barred from review when raised in a post-conviction motion, based on the doctrine of res judicata. "Pursuant to res judicata, a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal. " *State v. Reynolds,* 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997). "A void sentence 'is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.' " *State v. Parson,* 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 8, quoting *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 233, at paragraph one of the syllabus.

{¶ 12} For example, it has been held that the court of common pleas lacks subject-matter jurisdiction to convict a 17-year-old defendant who was not bound over from juvenile court. *State v. Wilson*, 73 Ohio St.3d 40, 652 N.E. 2d 196 (1995). *See also Zanesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218, 929 N.E.2d 1044, ¶ 5, *judgment vacated in part on reconsideration on other grounds*, 126 Ohio St.3d 1227, 2010-Ohio-3754, 933 N.E.2d 260 (municipal court has no jurisdiction without the filing of a complaint); *Rocky River v. Bakos*, 2015-Ohio-4366, 45 N.E.3d 668 (8th Dist. Cuyahoga) (defendant could not be prosecuted for violating a protection order that the court did not have jurisdiction to grant).

{¶ 13} Other attempts to frame a post-conviction motion as an attack on the court's subject-matter jurisdiction have failed. *See, e.g.*, *State v. Cline*, 2d Dist. Champaign No. 2013CA51, 2014-Ohio-4503 (certain deficiencies in the indictment do not

deprive the court of subject-matter jurisdiction); *State v. Cline*, 5th Dist. Richland No. 2009 CA 0091, 2010-Ohio-1144 (statutes not invalid for lack of enacting provisions); *State v. Acevedo*, 9th Dist. Lorain No. 14CA10572, 2015-Ohio-2471 (standing of prosecutor to initiate case not jurisdictional); *State v. Morris*, 11th Dist. Trumbull No. 2013-T-0019, 2013-Ohio-5485 (failure of clerk to time-stamp a document does not create a jurisdictional defect).

{¶ 14} We find no support for the proposition that a defect in a jury verdict form affects a trial court's subject-matter jurisdiction. Several courts have held that issues related to jury verdict forms must be raised in the direct appeal, and any attempt to raise those issues in a subsequent appeal is barred by res judicata. *State v. Holmes*, 8th Dist. Cuyahoga No. 100388, 2014-Ohio-3816; *State v. Pesci*, 11th Dist. Lake No. 2011-L-057, 2011-Ohio-6211; *State v. Garner,* 11th Dist. Lake No. 2010-L-111, 2011-Ohio-3426; *State v. Evans,* 9th Dist. Wayne No. 10CA0027, 2011-Ohio-1449; *State v. Foy,* 5th Dist. Stark No. 2009-CA-00239, 2010-Ohio-2445. In the case before us, Lawrence did not raise the alleged defects in the verdict forms in his direct appeal. *State v. Lawrence*, 2d Dist. Montgomery No. 19059, 2002-Ohio-5533.

{¶ 15} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St. 2d 175, 176, 226 N.E. 2d 104 (1967), paragraph nine of the syllabus. Consequently, "the doctrine serves to preclude a defendant who has had his day in court

from seeking a second on that same issue.  In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard."  *State v. Saxon*, 109 Ohio St. 3d 176, 2006-Ohio-1245, 846 N.E. 2d 824, ¶ 18.

{¶ 16}  We conclude that because the alleged defect in the verdict form does not create a jurisdictional defect, the trial court correctly concluded that the issue is now barred from consideration, based on the doctrine of res judicata. The sole assignment of error is overruled.

### III. Conclusion

{¶ 17}  Lawrence's sole assignment of error having been overruled, the order of the trial court overruling his motion to set aside his conviction is Affirmed.

. . . . . . . . . . . .

FROELICH and HALL, JJ., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Michele D. Phipps
Phillip H. Lawrence
Hon. Gregory F. Singer