[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Williams,* Slip Opinion No. 2016-Ohio-7658.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7658

THE STATE OF OHIO, APPELLEE, *v.* WILLIAMS, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Williams,* Slip Opinion No. 2016-Ohio-7658.]**

*R.C. 2941.25 prohibits imposition of multiple sentences for allied offenses of similar import—When a trial court concludes that two offenses are allied offenses of similar import but then imposes a sentence for each offense, the sentences are void.*

(No. 2015-1478—Submitted May 3, 2016—Decided November 10, 2016.)

CERTIFIED by the Court of Appeals for Summit County,

No. 27482, 2015-Ohio-2632.

_____

**O'DONNELL, J.**

{¶ 1} The Ninth District Court of Appeals certified a conflict between its decision in this case and a decision of the Eighth District Court of Appeals in *State v. Holmes*, 8th Dist. Cuyahoga No. 100388, 2014-Ohio-3816, on the following question: "Where a trial court sentences a defendant on counts that it had previously determined were subject to merger, is the sentence void or do principles of res

judicata apply to preclude a defendant from challenging the sentence after direct appeal?"

{¶ 2} A court only has authority to impose a sentence that conforms to law, and R.C. 2941.25 prohibits the imposition of multiple sentences for allied offenses of similar import. Thus, when a sentencing court concludes that an offender has been found guilty of two or more offenses that are allied offenses of similar import, in conformity with *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, it should permit the state to select the allied offense to proceed on for purposes of imposing sentence and it should impose sentence for only that offense. Accordingly, imposing separate sentences for allied offenses of similar import is contrary to law and such sentences are void. Therefore, res judicata does not preclude a court from correcting those sentences after a direct appeal.

{¶ 3} The judgment of conviction entered against Cameron D. Williams in this case reflects that the trial court concluded that the two counts of aggravated murder and one count of murder in connection with the killing of Darian Polk are allied offenses of similar import. Although the court ordered them merged for the purposes of sentencing, and although the state elected to have Williams sentenced for the aggravated murder charged in count three, the court imposed concurrent sentences on each of the three offenses instead of sentencing on only one offense. However, the imposition of concurrent sentences is not the equivalent of merging allied offenses, *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, ¶ 17, but because the state designated one allied offense for sentencing, a remand for resentencing is not necessary in this case. Rather, pursuant to Article IV, Section 2(B)(2)(f) of the Ohio Constitution, we modify the judgment of the appellate court to vacate the sentences imposed for murder in count one and aggravated murder in count two and affirm the remaining convictions and sentences in all respects.

**Facts and Procedural History**

{¶ 4} On July 28, 2007, Williams broke into an apartment rented by Tamara Hughes, his ex-wife, and shot and killed Darien Polk, whom he found sleeping with her in her bed. Williams then kidnapped Hughes at gunpoint, took her to an abandoned home, and engaged in sexual conduct with her. Akron police arrested him the next day.

{¶ 5} A Summit County Grand Jury indicted Williams on three counts of aggravated murder with death penalty specifications, two counts of kidnapping, and one count each of aggravated burglary, burglary, rape, violating a protection order, intimidating a crime victim, escape, having a weapon while under disability, carrying a concealed weapon, menacing by stalking, and domestic violence, along with firearm specifications.

{¶ 6} At trial, the jury found Williams guilty of two counts of aggravated murder with death penalty specifications (counts two and three) and one count each of murder (as a lesser included offense of the aggravated murder charge alleged in count one), kidnapping, aggravated burglary, violating a protection order, intimidating a crime victim, escape, having a weapon while under disability, and carrying a concealed weapon, along with firearm specifications. The remaining counts and specifications were dismissed. In the penalty phase of the trial, the jury found that the aggravating circumstances did not outweigh the mitigating factors beyond a reasonable doubt and recommended a sentence of life in prison with the possibility of parole after 30 years on each count of aggravated murder.

{¶ 7} At the sentencing hearing, the state elected to have Williams sentenced on the conviction for aggravated murder charged in count three, and it did not request a sentence on the convictions for murder in count one or aggravated murder in count two. The trial court merged counts one and two into count three and imposed a sentence of life imprisonment with no possibility of parole until

Williams had served 30 full years on that count. However, the sentencing entry provides:

IT IS THEREFORE ORDERED AND ADJUDGED BY THIS COURT that the Defendant, CAMERON D. WILLIAMS, be committed to the Ohio Department of Rehabilitation and Corrections * * * for a definite term of LIFE WITH PAROLE after Fifteen (15) years, which is **a mandatory term** pursuant to O.R.C. 2929.13(F), for punishment for the crime of MURDER, Ohio Revised Code Section 2903.02, a special felony; for a definite term of LIFE WITH PAROLE after Thirty (30) years, which is **a mandatory** term pursuant to O.R.C. 2929.13(F), for punishment of the crime of AGGRAVATED MURDER, Ohio Revised Code Section 2903.01(B), a special felony; for a definite term of LIFE WITH PAROLE after Thirty (30) years, which is **a mandatory** term pursuant to O.R.C. 2929.13(F), for punishment of the crime of AGGRAVATED MURDER, Ohio Revised Code Section 2903.01(D), a special felony * * *.

* * *

THEREUPON, pursuant to Ohio Revised Code Section 2941.25(A), the Court hereby Orders that the offense of MURDER, as contained in the amended Count 1 of the Indictment and the offense of AGGRAVATED MURDER, as contained in Count 2 of the Indictment be merged into the offense of AGGRAVATED MURDER, as contained in Count 3 of the Indictment for purposes of sentencing and that said sentencing be served concurrently and not consecutively with each other, for a total of LIFE WITH PAROLE AFTER Thirty (30) years for the three counts.

> \* \* \*
>
> Accordingly, the total sentence the Court imposes is LIFE WITH PAROLE after Sixty-Nine (69) years \* \* \*.

(Capitalization and boldface sic.)  Thus, the trial court purported to merge the sentences for allied offenses by ordering that the sentences be served concurrently with each other.

{¶ 8} On appeal, the Ninth District Court of Appeals reversed the conviction for violating a protection order as not supported by sufficient evidence but affirmed Williams's other convictions and sentences.  9th Dist. Summit No. 24169, 2009-Ohio-3162, ¶ 55, 61.  Williams did not argue that the trial court erred in sentencing him on allied offenses of similar import.

{¶ 9} On April 23, 2014, Williams moved to correct his sentences, asserting that the concurrent sentences imposed on counts one, two, and three were contrary to law.  He sought a de novo sentencing at which *all* of his convictions should be merged as allied offenses into a single conviction for aggravated murder.  The trial court denied the motion.

{¶ 10} The court of appeals affirmed, construing the motion as an untimely and successive petition for postconviction relief that the trial court lacked authority to consider.  9th Dist. Summit No. 27482, 2015-Ohio-2632, ¶ 6.  The court further explained that "because Mr. Williams could have raised his arguments pertaining to his sentence and court costs in a direct appeal, he is now barred from asserting these arguments under the doctrine of res judicata."  *Id*. at ¶ 7.  And the appellate court rejected Williams's argument that the error in merging allied offenses rendered his sentences void, noting that this court had not yet applied its void sentence jurisprudence in these circumstances.  *Id*. at ¶ 9.

{¶ 11} The Ninth District certified that its judgment conflicts with *State v. Holmes*, 8th Dist. No. 100388, 2014-Ohio-3816.  In that case, the trial court had

determined that Holmes's convictions for rape and kidnapping were for allied offenses of similar import but nonetheless imposed separate sentences for each conviction. Although Holmes had not raised the issue in either his direct appeal or in his petition for postconviction relief, the appellate court concluded that his motion to vacate was not barred by res judicata, because the sentences for allied offenses were contrary to law and void. *Id*. at ¶ 2-3, 11, 20-22. It stated, "Once a trial court determines that two offenses are allied and are subject to merger, the trial court acts without authority when it imposes a sentence on both offenses. Thus, acting without authority renders the sentence void." *Id*. at ¶ 20.

{¶ 12} We agreed to resolve the conflict. 143 Ohio St.3d 1541, 2015-Ohio-4633, 40 N.E.3d 1178.

### Positions of the Parties

{¶ 13} Williams maintains that "[s]entences for counts which were previously determined to be subject to merger are void, and res judicata does not preclude a defendant from challenging such sentences after direct appeal." He notes that *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, explains that trial courts have a mandatory duty to merge allied offenses, that imposition of concurrent sentences for allied offenses is not authorized by law, and that an offender is prejudiced by having more convictions than authorized by statute. Williams reasons that because a sentence is void when a court lacks authority to act or when it imposes a sentence that is not in accordance with statutorily mandated terms, sentences imposed for crimes that the trial court has found to be allied offenses of similar import are void and challenges to the sentences are not subject to the doctrine of res judicata.

{¶ 14} The state concedes that the trial court erred in imposing separate sentences for allied offenses of similar import, but it maintains that the error did not render the sentences void. It argues that a void sentence is one imposed by a court that lacks subject-matter jurisdiction or authority to act, but a sentencing error

renders the sentence only voidable and subject to reversal on direct appeal. Relying on *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, the state asserts that our void sentences jurisprudence is limited to void sanctions and does not apply to errors regarding whether convictions are subject to merger as allied offenses of similar import. And in *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, the state notes, this court held that an offender may waive the statutory protection against separate sentences for allied offenses and that an appellate court has no duty to correct a forfeited error in failing to merge allied offenses. The state further argues that if separate sentences for allied offenses are void, then *Rogers* was wrongly decided, because "the parties cannot confer authority on a court to impose a void sentence" and "[a]n appellate court should not have discretion to pass over a void sentence." Thus, the state concludes, res judicata bars this collateral attack.

**{¶ 15}** Here, then, we are asked whether separate sentences imposed for convictions for allied offenses of similar import that the trial court found to be subject to merger pursuant to R.C. 2941.25(A) are void and subject to attack at any time.

**Allied Offenses of Similar Import**

**{¶ 16}** The allied offenses statute, R.C. 2941.25, provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may

contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶ 17}** Construing this statute in *Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, we explained that "a 'conviction' consists of a guilty verdict *and* the imposition of a sentence or penalty," (emphasis sic) *id*. at ¶ 12, and therefore "R.C. 2941.25(A)'s mandate that a defendant may be 'convicted' of only one allied offense is a protection against multiple sentences rather than multiple convictions," *id*. at ¶ 18. We noted that "it is the state that chooses which of the allied offenses to pursue at sentencing," *id*. at ¶ 20, and "[w]hen the state elects which of the two allied offenses to seek sentencing for, the court must accept the state's choice and merge the crimes into a single conviction for sentencing," *id*. at ¶ 24.

**{¶ 18}** The determination whether an offender has been found guilty of allied offenses of similar import "is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct," *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 26, and "an offense may be committed in a variety of ways," *id*. at ¶ 30. We explained in *Ruff* that an accused may be convicted and sentenced for multiple offenses when "(1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation." *Id*. at ¶ 25.

**{¶ 19}** But once the sentencing court decides that the offender has been found guilty of allied offenses of similar import that are subject to merger, R.C. 2941.25 prohibits the imposition of multiple sentences. *Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, ¶ 17. And "[t]he imposition of concurrent sentences is not the equivalent of merging allied offenses." *Id*.

**Void Sentences**

{¶ 20} In *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964), the court described the trial judge's role at sentencing: "Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law." And applying this principle in *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), we stated that "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void."

{¶ 21} This court has therefore determined that a sentence is void when the trial court fails to impose a statutorily mandated term of postrelease control, *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 18, 25, 36; when it fails to include a mandatory driver's license suspension in the offender's sentence, *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, paragraph one of the syllabus; and when it fails to include a mandatory fine in the sentence, *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, syllabus.

{¶ 22} Our jurisprudence on void sentences "reflects a fundamental understanding of constitutional democracy" that the power to define criminal offenses and prescribe punishment is vested in the legislative branch of government, and courts may impose sentences only as provided by statute. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 21-22. Because "[n]o court has the authority to impose a sentence that is contrary to law," *id.* at ¶ 23, when the trial court disregards statutory mandates, "[p]rinciples of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack." *Id.* at ¶ 30.

**{¶ 23}** But if the sentencing court had jurisdiction and statutory authority to act, sentencing errors do not render the sentence void, and the sentence can be set aside only if successfully challenged on direct appeal. *Fisher* at ¶ 6-7; *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28. Thus, as we held in *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 18, a sentence failing to properly impose mandatory court costs is not void, because unlike the imposition of postrelease control, "the trial court has the power to waive the payment of court costs" in appropriate circumstances.

**{¶ 24}** Our cases have similarly recognized that the trial court's failure to find that the offender has been convicted of allied offenses of similar import, even if erroneous, does not render the sentence void. In *Mosely v. Echols*, 62 Ohio St.3d 75, 76, 578 N.E.2d 454 (1991), we held that res judicata barred a postconviction collateral attack on the court of appeals' holding that the offender had not been sentenced on allied offenses of similar import. In *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8, we stated that our void sentence jurisprudence does not apply to "challenges to a sentencing court's determination *whether* offenses are allied." (Emphasis added.)

**{¶ 25}** And, most recently, in *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3, we ruled that an accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error and that a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. We held that absent the accused's showing that there was a reasonable probability that the convictions are in fact for allied offenses of similar import committed with the same conduct and without a separate animus, "the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error." *Id.*

**{¶ 26}** Our decisions in *Mosely*, *Holdcroft*, and *Rogers* establish that when a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not contrary to law, and any error must be asserted in a timely appeal or it will be barred by principles of res judicata. *See Holdcroft* at ¶ 8-9.

**{¶ 27}** However, as we explained in *Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, "a trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import." *Id*. at ¶ 26. We characterized the sentencing court's duty to merge allied offenses as "mandatory, not discretionary." *Id*.

**{¶ 28}** It therefore follows that when a trial court concludes that an accused has in fact been found guilty of allied offenses of similar import, it cannot impose a separate sentence for each offense. Rather, the court has a mandatory duty to merge the allied offenses by imposing a single sentence, and the imposition of separate sentences for those offenses—even if imposed concurrently—is contrary to law because of the mandate of R.C. 2941.25(A). In the absence of a statutory remedy, those sentences are void. *Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, at ¶ 25.

**{¶ 29}** The state's concern that this conclusion is inconsistent with *Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, is misplaced. In *Rogers*, neither the parties nor the trial court had raised the issue whether the convictions were for allied offenses of similar import, the court had not found that the convictions should merge for purposes of sentencing, and the imposition of separate sentences therefore was not contrary to law. In contrast, when the trial court concludes that the accused has in fact been found guilty of allied offenses of similar import, imposing separate sentences for those offenses is contrary to law and the

sentences are void on the face of the judgment of conviction. Accordingly, *Rogers* is distinguishable on this basis.

**Remedy**

**{¶ 30}** We have recognized that a resentencing hearing limited to correcting the void sentence is a proper remedy for a trial court's failure to comply with mandatory sentencing laws. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 29. And when a case involving an allied offenses sentencing error is remanded for resentencing, the state has the right to elect which offense to pursue at resentencing. *Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, at ¶ 21.

**{¶ 31}** But a resentencing is not required in all cases. Article IV, Section 2(B)(2)(f) of the Ohio Constitution grants this court appellate jurisdiction to "review and affirm, modify, or reverse the judgment in any case certified by any court of appeals." Article IV, Section 3(B)(2) grants similar authority to the courts of appeals "to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." And in *Fischer*, we explained that "[c]orrecting a defect in a sentence without a remand is an option that has been used in Ohio and elsewhere for years in cases in which the original sentencing court, as here, had no sentencing discretion." *Id*. at ¶ 29. This remedy, we noted, can provide an equitable, economical, and efficient remedy for a void sentence. *Id.* at ¶ 30.

**{¶ 32}** The judgment of conviction in this case states the trial court's finding that Williams's convictions for the two counts of aggravated murder and one count of murder are allied offenses of similar import, and the concurrent sentences it imposed for those offenses are therefore contrary to law. But there is no need to remand for resentencing, because at the sentencing hearing, the state elected to have Williams sentenced on aggravated murder as charged in count three, and the trial court had no discretion to impose separate sentences on counts one and two.

{¶ 33} Accordingly, we modify the judgment of the court of appeals to vacate the sentences imposed for murder in count one and aggravated murder in count two, which the trial court found subject to merger. The remaining convictions and sentences, including the sentence of life with the possibility of parole after 30 years imposed for aggravated murder in count three, are not affected by our ruling today.

{¶ 34} We recognize that our decision will not change the aggregate sentence Williams received. We also acknowledge that at the time the trial court sentenced Williams, we had not yet clarified that the imposition of concurrent sentences is not the equivalent of merging allied offenses of similar import. We expect that our decision today will clarify the path going forward for lawyers, litigants, and judges of our state.

Judgment affirmed as modified.

O'CONNOR, C.J., and PFEIFER, and O'NEILL, JJ., concur.

LANZINGER, J., dissents, with an opinion joined by FRENCH, J.

KENNEDY, J., dissents.

_____

**LANZINGER, J., dissenting.**

{¶ 35} I respectfully dissent. I would reaffirm this court's commitment to principles of res judicata and hold that Williams's sentence is not void. The majority cannot expect its opinion to "clarify the path going forward for lawyers, litigants, and judges of our state," majority opinion at ¶ 34, when it further complicates the unusual void-sentence line of cases that continues to play havoc with our jurisprudence.

{¶ 36} This case provides an opportunity for the court to truly limit its unusual conception of void sentences to postrelease-control cases, as it appeared to do in *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 ("Our decision today is limited to a discrete vein of cases: those in which a court does not

properly impose a statutorily mandated period of postrelease control." *Id.* at ¶ 31). For clarification, the court has the opportunity to, at least with regard to non–postrelease cases, return to our previous precedent that recognized the traditional definitions of void and voidable error. *See State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. We could reaffirm the principle of res judicata, a doctrine that "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

*Problems with the majority's approach*

**{¶ 37}** I cannot see how imposing concurrent prison terms for allied offenses renders a sentence void when we have stated that a sentencing court's error in determining that offenses are not allied does not render the resulting sentence void. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8. It seems illogical that a defendant who is sentenced for allied offenses that should have been merged but who fails to raise the issue on direct appeal is out of luck, yet one whose sentences for allied offenses are run concurrently after merger is serving a void sentence and thus is not precluded from challenging the sentence after direct appeal.

**{¶ 38}** I have consistently maintained my position that this court has erroneously held that errors in sentencing render a sentence void, subject to collateral attack at any time, when at most, the error was voidable, subject to correction on direct appeal. *See, e.g., State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 44-49 (Lanzinger, J., dissenting); *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 17-18 (Lanzinger, J., dissenting); *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 45 (Lanzinger, J., dissenting); *In re J.S.,* 136 Ohio St.3d 8, 2013-Ohio-1721, 989 N.E.2d 978, ¶ 12-13 (Lanzinger, J., dissenting).

{¶ 39} The issue is more than mere semantics. Before the postrelease-control cases, our case law was clear on which errors were void and which were voidable.

*Our precedent on void/voidable*

{¶ 40} Under traditional jurisprudence, sentencing errors were not jurisdictional. *See Ex Parte Shaw,* 7 Ohio St. 81 (1857). In *Shaw*, the trial court erred in imposing a one-year sentence for horse stealing when, by statute, the sentence was required to be for a period of not less than three years. This court explained: "The court had jurisdiction over the offense and its punishment. It had authority to pronounce sentence; and while in the legitimate exercise of its power, committed a manifest error and mistake in the award of the number of years of the punishment. *The sentence was not void,* but erroneous." (Emphasis added.) *Id.* at 82.

{¶ 41} In another case, this court refused to grant a writ of habeas corpus to a prisoner who claimed that he had been improperly sentenced to an indeterminate term of imprisonment for a burglary offense. *Ex parte Winslow*, 91 Ohio St. 328, 110 N.E. 539 (1915). This court stated:

> If the court in sentencing him did not act under [the burglary] statute, but sentenced him under another statute, which for the purposes of this case may be conceded to have been invalid, the sentence was erroneous and voidable but not void. The error was not a jurisdictional one * * *.

*Id*. at 330. The holding that sentencing errors were voidable but not void was reiterated a number of times. *See Ex parte Van Hagan*, 25 Ohio St. 426, 432 (1874) ("The punishment inflicted by the sentence, in excess of that prescribed by the law in force, was erroneous and voidable, but not absolutely void"); *Stahl v. Currey*,

135 Ohio St. 253, 20 N.E.2d 529 (1939) (jail sentence imposed by a justice of the peace who exceeded her statutory authority was not void but only voidable because she did not wholly lack jurisdiction to impose a sentence); *Carmelo v. Maxwell*, 173 Ohio St. 569, 570, 184 N.E.2d 405 (1962) (a sentence imposed contrary to the terms of a statute is not void). Thus, limiting the term "void" to cases in which a court acts without jurisdiction is a deeply rooted concept in this court's decisions.

**{¶ 42}** And when we held that a court did act without jurisdiction, we unanimously held that the sentence imposed was void and that the prisoner was entitled to release in a habeas corpus proceeding. *In re Lockhart*, 157 Ohio St. 192, 193, 105 N.E.2d 35 (1952). William Lockhart, charged by a Pike County deputy sheriff with a misdemeanor for manufacturing intoxicating liquor for sale, was brought before a justice of the peace who fined him $500 and sentenced him to six months in the Cincinnati Workhouse. We held that Lockhart was entitled to a writ of habeas corpus, stating that "the only jurisdiction that court had was to 'require the accused to enter into a recognizance to appear before the proper court.' " *Id.* at 194-195, quoting G.C. 13433-9. Because the justice of the peace did not have jurisdiction to find the defendant guilty and to impose sentence, "what was done in those respects was a nullity." *Id.* at 195. Once again, we recognized that "*[a] real and clear cut distinction exists between a void judgment and one which is merely irregular or erroneous.*" (Emphasis added.) *Id.*

**{¶ 43}** In habeas cases, we have held repeatedly that sentencing errors are nonjurisdictional and that these errors are properly corrected on appeal. *See State ex rel. Shackleford v. Moore*, 116 Ohio St.3d 310, 2007-Ohio-6462, 878 N.E.2d 1035, ¶ 5; *Childers v. Wingard*, 83 Ohio St.3d 427, 428, 700 N.E.2d 588 (1998); *Majoros v. Collins*, 64 Ohio St.3d 442, 443, 596 N.E.2d 1038 (1992); *Blackburn v. Jago*, 39 Ohio St.3d 139, 529 N.E.2d 929 (1988).

**{¶ 44}** Thus, until recently, our precedent held that sentencing errors are to be corrected on appeal and are not jurisdictional errors. A finding that a sentence

was "contrary to law" or "unauthorized by law" meant that the sentence could be corrected as a voidable sentence, rather than that it was a void sentence (i.e., a nullity because of lack of jurisdiction) that could be collaterally attacked at any time.

{¶ 45} We held to this traditional approach as late as 2007, when we explained:

> In reality, void and voidable sentences are distinguishable. A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act. *State v. Wilson* (1995), 73 Ohio St.3d 40, 44, 652 N.E.2d 196. Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously. *State v. Filiaggi* (1999), 86 Ohio St.3d 230, 240, 714 N.E.2d 867.

*Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, at ¶ 27.

*Postrelease-control cases*

{¶ 46} This court's departure from these clear principles started with the attempts to remedy a trial court's error in imposing postrelease control as part of a sentence or in failing to impose mandatory postrelease control. *See Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568. Postrelease control had been added as part of the comprehensive changes to criminal sentencing in Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, effective July 1, 1996. This court held that postrelease control was part of the sentence and that a trial court was required to notify a defendant that the additional monitoring period was part of the sentence. *Woods v. Telb*, 89 Ohio St.3d 504, 513, 733 N.E.2d 1103 (2000).

{¶ 47} A recurring problem was that trial courts were improperly imposing mandatory postrelease control by failing to give notice that it was part of a

defendant's sentence either at the sentencing hearing or in the sentencing entry. This court's solution was to declare such sentences void. *See State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 16. This court acknowledged that the effect of determining that the sentence was void was that the parties were placed in the same position as if no sentencing had occurred. *Id.* at ¶ 12, citing *Romito v. Maxwell*, 10 Ohio St.2d 266, 267-268, 227 N.E. 2d 223 (1967). And because these sentences were void, they could be challenged on direct appeal and in a collateral attack. *Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568.

**{¶ 48}** At first, the remedy for the error in imposing postrelease control required a complete resentencing. *Bezak* at ¶ 16 ("When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense"); *Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 6 (in cases in which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed, unless the defendant has completed his sentence).

**{¶ 49}** In response to these postrelease-control cases, the General Assembly enacted R.C. 2929.191, Am.Sub.H.B. No. 137, 151 Ohio Laws, Part IV, 7622, effective July 11, 2006, which authorizes a judge to correct a sentence when an offender was not properly notified of mandatory postrelease control or did not have mandatory postrelease control included in the sentencing entry. According to R.C. 2929.191(A)(1), the court, "at any time before the offender is released from imprisonment under [the prison] term," may prepare and issue a "correction" to the judgment entry of conviction that includes a period of postrelease control after the offender leaves prison. The court must hold a hearing to notify the defendant beforehand. R.C. 2929.191(C).

**{¶ 50}** This court attempted to put an end to postrelease-control problems in *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. First, the court limited the subject matter of its holding:

> [I]n cases in which a trial judge does not impose postrelease control in accordance with statutorily mandated terms * * *, the sentence is void. Principles of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack.

*Id*. at ¶ 30.

**{¶ 51}** *Fischer* then tried to end the confusion in the void-voidable area by stating, "Our decision today is limited to a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control." *Id*. at ¶ 31. The court concluded optimistically that "it is likely that our work in this regard is drawing to a close, at least for purposes of void sentences." *Id.* The *Fischer* majority was very much mistaken on that point.

### *Beyond the postrelease-control cases*

**{¶ 52}** Despite the reassuring language, the court proceeded to expand *Fischer*'s holding over the course of the next two years in *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 15 (holding that a sentence was void in part for failure to include a mandatory driver's license suspension); *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 13 (holding that res judicata did not bar a defendant from arguing that his guilty plea to a charge of escape was void due to a postrelease-control sentencing error); and *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 14 (holding that the failure to impose a mandatory fine when no affidavit of indigency had been filed renders that part of the sentence void).

**{¶ 53}** And now the majority in this case offers some alarming language:

> [T]he power to define criminal offenses and prescribe punishment is vested in the legislative branch of government, and *courts may impose sentences only as provided by statute. State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 21-22. Because "[n]o court has the authority to impose a sentence that is contrary to law," *id*. at ¶ 23, *when the trial court disregards statutory mandates,* "[p]rinciples of res judicata, including the doctrine of the law of the case, do not preclude appellate review. *The sentence may be reviewed at any time*, on direct appeal or by collateral attack." *Id*. at ¶ 30.

(Emphasis added.) Majority opinion at ¶ 22.

**{¶ 54}** The problem here is that the quotations have been taken out of context and their meanings have been expanded beyond the original intent. Both quotations from *Fischer* in the above-quoted passage from the majority come from paragraphs that specifically mention postrelease-control sanctions, the express subject of the *Fischer* opinion. As quoted by the majority, however, *Fischer* appears to say that *any* sentencing error or *any* failure to comply with a statutory provision makes a sentence void and subject to correction at any time. If a court has no "authority" to commit mistakes when following a statute, such as when it imposes concurrent sentences for allied offenses, the sentences are "nullities or void." What additional mistakes by a trial court will be considered "super errors" and subject to correction at any time?

**{¶ 55}** Erroneous judgments, procedural mistakes, and sentencing errors can all arise because a mandatory statutory requirement was not followed. But these errors are not necessarily the result of attempts to act without authority or to

disregard statutory requirements. The majority's position regarding void sentences relies on a prior case in which this court stated that "[a]ny *attempt* by a court *to disregard statutory requirements* when imposing a sentence renders the attempted sentence a nullity or void." (Emphasis added.) *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984). To me, this statement in *Beasley* bespeaks a certain intent, suggesting that the sentencing court had knowledge of a statutory requirement and yet attempted to circumvent it. Attempting to disregard a statute is not the same as making an inadvertent error.

**{¶ 56}** This understanding comports with the reasoning of the United States Supreme Court, which concluded unanimously:

A void judgment is a legal nullity. See Black's Law Dictionary 1822 (3d ed.1933); see also *id*., at 1709 (9th ed.2009). Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments 22 (1980); see generally *id*., § 12. * * *

*"A judgment is not void,"* for example, *"simply because it is or may have been erroneous."* *Hoult v. Hoult*, 57 F.3d 1, 6 (C.A.1 1995); 12 J. Moore et al., Moore's Federal Practice § 60.44[1][a], pp. 60-150 to 60-151 (3d ed. 2007) * * *.

(Emphasis added.) *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010).

**{¶ 57}** The majority's position that a sentence that does not comply with statutory mandates may be corrected at any time is inconsistent with federal jurisprudence. As I previously noted,

> [m]ore than two decades ago, language was eliminated from the federal rules that allowed courts to correct an "illegal sentence" at any time. P.L. No. 98-473, 98 Stat. 2015. Fed.R.Crim.P. 35(a) now provides, "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." However, if a federal sentencing error is not correctable under this rule or under Fed.R.Crim.P. 36 as a clerical error, it may be corrected only on direct appeal or, in limited cases, by a writ of habeas corpus under Section 2255, Title 28, U.S.Code. See generally *United States v. Collins* (Apr. 26, 2010), N.D.Ill. No. 04 CR 709, 1980 Ohio App. LEXIS 14046, 2010 WL 1727852.

*Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 at ¶ 50 (Lanzinger, J., dissenting).

**{¶ 58}** Ohio's rules and statutes do not allow for correction of sentences "at any time." Both the state and the defendant have the right to appeal sentences on grounds that the "sentence is contrary to law." R.C. 2953.08(B)(2); R.C. 2953.08(A)(4). However, both parties are expected to follow the time limits expressed in R.C. 2953.08(E). That means, within 30 days from the entry of the judgment of conviction, a party who wishes to challenge a sentence must file an appeal. App.R. 4(A). Sentences are considered res judicata if no appeal is taken within that time. *See Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824 at ¶ 19 (a sentence from which no direct appeal is taken is considered res judicata).

{¶ 59} R.C. 2953.08(G) does allow appellate courts a number of options to correct sentences that fail to comply with statutory requirements. But that statute also properly limits these options so that courts may exercise them only on *direct appeal.* This ensures finality in sentencing while still allowing for the correction of any errors as part of an appeal as of right, either by the defendant or the state. I respectfully object to the majority's using our constitutional power under Article IV, Section 2(B)(2)(f) for sentencing-error correction.

*Resolving the confusion*

{¶ 60} A quick summary of some of this court's cases on the postrelease-control front shows that the court has not been consistent on these issues. *See Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301 (defendant incarcerated for violating the terms of postrelease control granted a writ of habeas corpus because notification and inclusion of postrelease control in sentencing entry was absent and sentence had expired); *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78 (prisoners incarcerated for violating terms of postrelease control were not entitled to habeas corpus relief even though the sentencing entries contained errors in the imposition of postrelease control); *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422 (cause remanded to the trial court to consider defendant's motion to withdraw his guilty plea under the standard applicable to presentence motions because he was improperly advised of postrelease control and the sentencing entry failed to include it); *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 (portion of sentence that failed to impose statutorily mandated postrelease control is void and res judicata applies to defendant's remaining claims); *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718 (omission of postrelease control from sentencing entry correctible with nunc pro tunc entry).

{¶ 61} Nor have the non–postrelease-control cases been consistent. *Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509 (failure to include

mandatory driver's license suspension makes that part of the sentence void); *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278 (sentence imposing costs is not void when court fails to inform the defendant at the sentencing hearing that costs will be imposed); *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432 (failure to include mandatory fine when affidavit of indigency not filed renders that part of the sentence void).

{¶ 62} The majority opinion, in my view, rather than "clarify[ing] the path going forward," lurches in yet a new direction. Declaring that failure to properly merge allied offenses causes a sentence to be void, or partly void, the court uses language that may be stretched to say that *any* mistake in sentencing results in a void or at least partly void sentence. On this point, res judicata is nearly dead.

{¶ 63} It is no news that the appellate courts have noted inconsistencies in this court's application of the void and voidable concepts and in response have called for continuity. *See, e.g., State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187, 921 N.E.2d 1077 (9th Dist.); *State v. Walker*, 5th Dist. Richland No. 15CA104, 2016-Ohio-1462; *State v. Mitchell*, 187 Ohio App.3d 315, 2010-Ohio-1766, 931 N.E.2d 1157 (6th Dist.).

{¶ 64} The Ninth District in *Holcomb* noted that in 1998, this court departed from traditional application of the void and voidable principles by holding that because a three-judge panel in a capital case had not followed specific statutory requirements, " 'there has been no valid conviction and [the defendant's] sentence is therefore void.' " *Id.* at ¶ 11, quoting *State v. Green*, 81 Ohio St.3d 100, 105, 689 N.E.2d 556 (1998). But when it recognized the mistake six years later, this court was willing to correct itself: "[D]espite our language in *Green* that the specified errors rendered the sentence 'void,' *the judgment was voidable and properly challenged on direct appeal*." (Emphasis added.) *Kelley v. Wilson*, 103 Ohio St.3d 201, 2004-Ohio-4883, 814 N.E.2d 1222, ¶ 14.

{¶ 65} It is time for this court to end the confusion for judges who are wrestling with the review of these sentencing issues. We should make clear that unless a court acts outside the bounds of its authority, the failure to properly sentence a defendant is at most an error in the exercise of jurisdiction. A prisoner serving a truly void sentence is entitled to be released through a writ of habeas corpus or granted postconviction relief under R.C. 2953.21. Voidable sentences, on the other hand, may be modified or corrected within the time limits provided for appeal pursuant to App.R. 4(A), clerical error pursuant to Crim.R. 36, or postconviction relief pursuant to R.C. 2953.21.

{¶ 66} Not long ago, in a dissenting opinion, I suggested an alternative to the majority's approach:

> The real question here is: "What is the proper remedy when a judge makes a sentencing mistake?" Our sentencing statutes recognize the possibility that a judge may err in sentencing by allowing parties 30 days to appeal sentences on grounds that they are contrary to law. Allowing for challenges to sentencing error on direct appeal gives the state and the defense ample opportunity to draw attention to any potential postrelease-control error, thus satisfying any constitutional concerns arising from an imperfect sentence. Licensed attorneys should be competent to perform their duties during a sentencing hearing, and it is not unreasonable for prosecutors and defense counsel to review the judgment issued in a case to ensure that the sentence complies with Ohio law. *This* approach is the pragmatic approach—equitable, economical, and efficient. Most importantly, it is the approach contained in Ohio's sentencing scheme, which provides for direct appeal by either party in a criminal case. See R.C. 2953.08.

(Footnote omitted and emphasis sic.) *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 53 (Lanzinger, J., dissenting).

{¶ 67} The label "void" should not be pasted on anytime the court wishes to modify an error outside the 30-day appeal window. Williams's sentence was imposed over eight years ago and has been repeatedly reviewed. Although the trial court erred in imposing separate, concurrent sentences for allied offenses, the trial court did not wholly lack jurisdiction or authority to impose sentence. Thus, this was a voidable sentence, not a void sentence. The doctrine of res judicata does not allow a sentence to be attacked indefinitely.

{¶ 68} Because I would restore the traditional concepts of void and voidable, I respectfully dissent.

FRENCH, J., concurs in the foregoing opinion.

_____

**KENNEDY, J., dissenting.**

{¶ 69} Because the majority's decision expands the void-sentence doctrine and is incongruent with our precedent, I respectfully dissent. When a trial court states the mandatory terms of incarceration in a sentencing entry and then mistakenly uses the term "concurrently" to describe how the sentences will run for the offenses that the trial court merged for purposes of sentencing pursuant to R.C. 2941.25(A) but the sentence will not result in an additional term of incarceration, which would be prohibited by the sentencing mandates of the General Assembly, the sentence is not void but voidable.

{¶ 70} Stare decisis commands that I respect our precedent on void sentences. And we have held that absent a lack of subject-matter jurisdiction, the concept of void sentences should not be expanded beyond the "discrete vein of [postrelease-control] cases," *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 31, and those cases in which the trial court has abridged the

sentencing commands of the General Assembly, see *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, and *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432. Therefore, in response to the certified-conflict question, I would hold that the principles of res judicata precluded appellant, Cameron D. Williams, from challenging his sentence after his direct appeal, and I would affirm the judgment of the Ninth District Court of Appeals without modification.

*Procedural History*

**{¶ 71}** The Ninth District Court of Appeals summarized the significant procedural history in this case, which includes 18 prior postconviction-relief filings. 2015-Ohio-2632, citing *State v. Williams*, 9th Dist. Summit No. 27101, 2014-Ohio-1608, ¶ 2-7. Three of Williams's postconviction-relief motions focused on the sentencing error at issue here.

**{¶ 72}** On January 27, 2011, in a motion for resentencing, Williams argued that the three murder offenses he was convicted of "are allied offenses of similar import, and that he should have been sentenced only on one." The trial court denied his motion. Williams appealed the trial court's denial of his motion. The court of appeals affirmed the trial court's holding that his motion was untimely and was a successive motion for postconviction relief that did not satisfy R.C. 2953.23(A). *State v. Williams*, 9th Dist. Summit No. 25879, 2011-Ohio-6141, ¶ 16. Williams did not appeal that ruling to this court. On July 5, 2013, in a "motion to correct illegal sentence," Williams also argued that the sentence imposed on the charge of aggravated murder was void. The trial court denied his motion.

**{¶ 73}** This case arises from Williams's 19th postconviction-relief filing. While I agree with the majority's recitation of the history of this case, I would emphasize the statements made by the trial court during the sentencing hearing and the language of the judgment entry.

**{¶ 74}** At the sentencing hearing, the trial court stated:

Accordingly, I impose sentence as follows: I'm going to start with Count 3, a special felony of aggravated murder, wherein it was alleged that this defendant caused death while he was under detention, and I impose the sentence of life with parole after 30 years, and I merge into that Counts 1 and 2; Count 2 being another charge of aggravated murder, and I merge the sentence of life with parole after 30 years into Count 3; and as to Count 1, wherein the jury found the lesser-included offense of murder, I merge the 15-year to life sentence that is appropriate and required on that charge into Count 3.

{¶ 75} The court went on to impose sentences for other offenses, not at issue herein, and then summarized all the sentences imposed as follows: "I have thus imposed an additional sentence of 36 years, and that is in addition to the 33 years on the main Count 3."

{¶ 76} In the judgment entry, the trial court listed the offenses that the jury found Williams guilty of committing. Thereafter, among other sentences, the trial court ordered Williams committed to the Ohio Department of Rehabilitation and Corrections pursuant to the mandatory sentencing guidelines established by the General Assembly in the Revised Code for one count of murder and two counts of aggravated murder. Thereafter, the entry states:

THEREUPON, pursuant to Ohio Revised Code Section 2941.25(A), the Court hereby Orders that the offense of MURDER, as contained in the amended Count 1 of the Indictment and the offense of AGGRAVATED MURDER, as contained in Count 2 of the Indictment be merged into the offense of AGGRAVATED

28

MURDER, as contained in Count 3 of the Indictment for purposes of sentencing and that said sentencing be served concurrently and not consecutively with each other, for a total of LIFE WITH PAROLE AFTER Thirty (30) years for the three counts.

(Capitalization sic.)

{¶ 77} However, the judgment entry does not result in any additional terms of incarceration for any of the allied offenses that were merged for purposes of sentencing.

*The Jurisprudence of Void Judgments*

{¶ 78} We begin with a simple general rule: a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or lacks the authority to act. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. "Jurisdiction" is defined as " 'the courts' statutory or constitutional power to adjudicate the case.' (Emphasis omitted.)" *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11, quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). The subject-matter jurisdiction of Ohio courts of common pleas is defined by statute pursuant to Article IV, Section 4(B) of the Ohio Constitution, which states that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law."

{¶ 79} With regard to criminal cases, R.C. 2931.03 provides: "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." A court of common pleas lacks subject-matter jurisdiction, for example, to convict and sentence a juvenile criminal defendant who did not first appear in a juvenile court, and therefore, any judgment of conviction

against the juvenile would be void. *State v. Wilson*, 73 Ohio St.3d 40, 44, 652 N.E.2d 196 (1995). On the other hand, the failure to convene a three-judge panel in compliance with R.C. 2945.06 when a defendant is charged with a death-penalty offense and waives the right to a jury "does not divest a court of subject-matter jurisdiction so that a judgment rendered by a single judge is void ab initio." *Pratts* at ¶ 24. Although failing to convene a three-judge panel is an error, the resulting judgment would be "voidable, not void, and [could be] properly challenged on direct appeal." *Id.* at ¶ 21. This court has remanded cases for new proceedings when a three-judge panel was not convened pursuant to R.C. 2945.06 when the error was raised on direct appeal. *See State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶ 3, 4, 12. However, when the same error was raised in a collateral attack, this court held "that the failure of the trial court to convene a three-judge panel, as required by R.C. 2945.06, does not constitute a lack of subject-matter jurisdiction that renders the court's judgment void ab initio and subject to collateral attack in habeas corpus." *Pratts* at ¶ 10. Clearly, this court has generally limited declaring judgments void to those circumstances in which the trial court lacked subject-matter jurisdiction.

*Expansion of the Void-Judgment Doctrine*

{¶ 80} This court first applied the principal of a void sentence in *State v. Beasley*, 14 Ohio St.3d 74, 74-75, 471 N.E.2d 774 (1984). In *Beasley*, the defendant was convicted of felonious assault. The trial court, contrary to law, did not impose a prison term and imposed only a fine. After the trial court corrected its sentence to comply with the sentencing statute, the defendant appealed, arguing that the resentencing by the trial court violated double jeopardy. In rejecting the defendant's argument, this court held that when a trial judge disregards the mandatory minimum prison term for felonious assault and imposes only a fine, the resulting sentence is "a nullity or void." *Id.* at 75-76.

**{¶ 81}** Twenty years later, this court applied the void-sentence precedent established in *Beasley* in *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864. In *Jordan*, the trial court failed to notify a defendant about postrelease control during the sentencing hearing. This court held that when "a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant." *Id.* at ¶ 23. The defendant in *Jordan* was still incarcerated when we remanded for resentencing, but this court was confronted with a slightly different situation in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, *overruled by Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. In *Bezak*, this court held that when postrelease control is not properly included in a sentence, a defendant is entitled to a new sentencing hearing, but we rejected the notion that a trial court could resentence a defendant to impose postrelease control when the defendant had already served his term of incarceration and had been released. *Bezak* at ¶ 16-18.

**{¶ 82}** Relying on the court's decision in *Bezak*, Londen Fischer, an incarcerated individual, successfully mounted a collateral attack on his sentence because the trial court had failed to notify him about postrelease control at his original sentencing hearing. *Fischer* at ¶ 3. On appeal from resentencing, Fischer argued that "because his original sentence was void, his first direct appeal was 'not valid' " and thus, his appeal from the resentencing was "in fact 'his first direct appeal' in which he may raise any and all issues relating to his conviction." *Id*. at ¶ 4. In rejecting that argument, this court held that "when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended." *Id*. at ¶ 28. This court in *Fischer* declared that "in the modern era, Ohio law has consistently recognized a narrow, and imperative, exception to [the] general rule [that sentencing errors do not render a judgment void]: a sentence that is not in accordance with statutorily mandated terms is void." *Id*. at ¶ 7-8. But we limited the application of the void-

sentence doctrine to "a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control." *Id.* at ¶ 31.

{¶ 83} After *Fischer*, this court applied the void-sentence doctrine in cases in which the trial court had failed to impose other terms mandated by statute. *See Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, and *Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432. In *Harris*, the trial court failed to impose a mandatory driver's license suspension. *Id*. at ¶ 3. In *Moore*, the trial court failed to impose a mandatory fine. *Id*. at ¶ 1. In both *Harris* and *Moore*, this court held that when a trial court fails to impose a mandatory term of sentencing, that portion of the sentence is void. *Harris* at ¶ 15; *Moore* at ¶ 10. In reaching this conclusion, the court, relying on *Fischer*, held that failing to impose a mandatory provision is akin to failing to impose a term of postrelease control. *Harris* at ¶ 12-14; *Moore* at ¶ 14-16.

*The Majority Expands the Void-Sentence Doctrine by*

*Declaring Williams's Sentence Void*

{¶ 84} Today's majority decision breathes new life into claims that a technical mistake in a trial court's judgment entry makes a sentence void, and it is incongruent with our precedent.

{¶ 85} In *State v. Underwood*, this court held that courts have a mandatory duty to merge allied offenses at sentencing. 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 26. Despite that holding, this court did not find that the sentence that had been imposed pursuant to a plea agreement in *Underwood* was void, even though the trial court had failed to merge the allied offenses. Instead, this court held that "if a court fails to merge allied offenses of similar import, the defendant merely has the right to appeal the sentence." *Id*. at ¶ 29.

{¶ 86} In keeping with *Underwood*, in *State v. Rogers*, we held that "[a]n accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error * * *." 143 Ohio St.3d 385, 2015-Ohio-2459, 38

N.E.3d 860, ¶ 3. The limited right of review that we recognized in *Underwood* and *Rogers* is significant. The plain-error analysis is not applicable to collateral attacks. Instead, collateral attacks on a sentence are governed by R.C. 2953.21, Ohio's Postconviction Remedy Act.

**{¶ 87}** An R.C. 2953.21 petition for postconviction relief is a motion that is filed subsequent to a direct appeal and that seeks vacation or correction of a sentence on the basis that the defendant's constitutional rights have been violated. *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). However, postconviction relief is limited, and res judicata bars a defendant from raising and litigating any issue, defense, or claim that could have been raised on direct appeal. *See State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994).

**{¶ 88}** The majority's attempt to distinguish this case from Rogers on the basis that the trial court in this case found the offenses allied and merged the offenses for purposes of sentencing rings hollow. The trial court listed the offenses that the jury found Williams guilty of and then listed the mandatory sentences required in the Revised Code for murder and aggravated murder. Thereafter, the trial court stated that for purposes of sentencing, the offense of murder and one of the aggravated-murder offenses merged with the other aggravated-murder offense, but then the court mistakenly wrote that the sentences for the three offenses would be "served concurrently."

**{¶ 89}** This court has treated the failure to merge offenses pursuant to R.C. 2941.25(A), the allied-offense statute, as an error that must be addressed on direct appeal and not as an error that renders the sentence void and subject to collateral attack at any time. *See State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512 (holding that the sentencing court applied erroneous legal reasoning when it failed to merge allied offenses but not declaring that the sentence was void). Moreover, this court has not hesitated to declare on direct appeal that a sentence is void even though this court could have corrected the error without declaring the

sentence void. *See Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23 (on direct appeal, the appellate court remanded the case for resentencing to impose postrelease control, and this court affirmed, holding that the original sentence was void). In accordance with *Damron*, the trial court's error in this case in running the sentences for merged offenses concurrently does not render the sentence void. The allied-offense statute "incorporates the constitutional protections against double jeopardy. These protections generally forbid successive prosecutions and multiple punishments for the same offense." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 7. However, we have recognized that

> [u]nder the doctrine of res judicata, constitutional issues cannot be considered in postconviction proceedings under R.C. 2953.21 et seq. where they have already been or could have already been litigated by the convicted defendant, while represented by counsel, either before conviction or on direct appeal.

*State v. Lott*, 97 Ohio St.3d 303, 2002-Ohio-6625, 779 N.E.2d 1011, ¶ 19, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph seven of the syllabus. Williams's claim could have been raised prior to this motion for postconviction relief, so therefore, it is barred by res judicata.

**{¶ 90}** Under our holding in Rogers, when a trial court properly analyzes and merges allied offenses pursuant to R.C. 2941.25(A) at the sentencing hearing and then correctly restates in its judgment entry that the offenses are merged but then mistakenly writes immediately thereafter that the sentences will be "served concurrently," the proper standard to analyze the trial court's error is plain error. Declaring Williams's sentence void on collateral attack leads to a peculiar result.

**{¶ 91}** Applying the majority's logic to a hypothetical defendant demonstrates the incongruity between the majority's holding and our prior holdings. Under our prior holdings, if a trial court fails to recognize that two offenses are allied and sentences a defendant to serve consecutive terms of incarceration for the allied offenses, then the error is limited to a plain-error review if the defendant failed to raise the issue in the trial court. Majority opinion at ¶ 26, citing *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8-9. So if that defendant fails to raise the issue on appeal or the appellate court fails to recognize sua sponte the plain error because the judgment entry does not meet the majority's requirement of being "void on the face of the judgment of conviction," majority opinion at ¶ 29, then the defendant will serve the consecutive terms of incarceration. But if a trial court recites the mandatory sentences required under Ohio law for all offenses and then states that some of those offenses are merged for purposes of sentencing, but then mistakenly states in the judgment entry that the sentences for allied offenses will be served concurrently, then according to today's decision, that sentence is void.

**{¶ 92}** The determination whether a trial court's sentencing error renders a judgment void should not turn on whether the trial court recognized that the offenses were allied. In accord with our precedent, it should turn on whether the trial court erred in failing to apply a mandatory sentence. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332; *Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509; *Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432.

**{¶ 93}** The majority hopes to "clarify the path going forward for lawyers, litigants, and judges of our state." Majority opinion at ¶ 34. In my view, however, this decision will further muddy the waters.

**{¶ 94}** In *Fischer*, we commented that our work in the area of void sentences might be finished because the legislature had enacted R.C. 2929.191,

which permits a trial court to correct a judgment of conviction without having to wait for an appellate court to declare the sentence void for failing to properly impose a statutorily mandated period of postrelease control. *Fischer* at ¶ 31. If R.C. 2929.191 put the void-sentence genie back in the bottle, then this decision lets it out again.

**{¶ 95}** Today, trial courts are applying complex sentencing guidelines mandated by the General Assembly. This holding by the majority will open up new avenues for defendants whose deadlines for filing direct appeals have long expired to argue that their sentences are void because the trial court, when imposing a mandatory sentencing provision, mistakenly used the wrong word in the journal entry. By expanding the void-sentence doctrine beyond postrelease-control cases and cases in which the trial court abridges the sentencing commands of the General Assembly, this decision will spawn a new wave of void-sentence litigation and severely undermine res judicata, which "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

> "[C]ases of postconviction relief pose difficult problems for courts, petitioners, defense counsel and prosecuting attorneys alike. Cases long considered to be fully adjudicated are reopened, although memories may be dim and proof difficult. The courts justifiably fear frivolous and interminable appeals from prisoners who have their freedom to gain and comparatively little to lose."

*State v. Calhoun*, 86 Ohio St.3d 279, 282, 714 N.E.2d 905 (1999), quoting *State v. Milanovich*, 42 Ohio St.2d 46, 51, 325 N.E.2d 540 (1975).

*Conclusion*

**{¶ 96}** When a trial court states the mandatory terms of incarceration in a sentencing entry and then mistakenly uses the term "concurrently" to describe how the sentences will run for the offenses that the trial court merged for purposes of sentencing pursuant to R.C. 2941.25(A) but the sentence will not result in an additional term of incarceration, which would be prohibited by the sentencing mandates of the General Assembly, the sentence is not void but voidable. Therefore, in response to the certified question, I would hold that the principles of res judicata preclude a defendant from challenging the sentence after direct appeal and affirm the decision of the Ninth District Court of Appeals. Respectfully, I dissent.

_____

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard Kasay, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Allen Vender, Assistant Public Defender, for appellant.

_____